WEBSTER, J.
We review two consolidated appeals arising out of an award of attorney fees and costs payable by the Department of Children and Family Services as a sanction for “br[inging] and pursuing] a frivolous and improper action against [D. H.].” In case number 1D00-2611, the Department seeks review of a final order in which the administrative law judge directed the Department to pay attorney fees and costs to D.H. as a sanction, pursuant to sections 120.569(2)(c) and 120.595(1), Florida Statutes (1997). In case number 1D00-966, D.H. seeks review of a final order entered by the Department which purported to reverse the administrative law judge’s award of attorney fees and costs. On appeal, the Department concedes that it lacked the power to review the administrative law judge’s award of attorney fees and costs. See, e.g., Dep’t of Health & Rehab. Serv. v. S.G., 613 So.2d 1380, 1384-85 (Fla. 1st DCA 1993) (agencies may not reject a hearing officer’s conclusion of law as to frivolousness for purposes of an attorney-fee award as a sanction). It explains that it reversed the award only to preserve its right to seek review in this court. Because the Department lacked the power to review the attorney-fee award, we reverse its final order to the contrary.
The Department challenges the award of fees and costs as an abuse of discretion. See Mercedes Lighting & Elec. Supply, Inc. v. Dep’t of Gen. Serv., 560 So.2d 272, 277 (Fla. 1st DCA 1990) (indicating that a hearing officer’s decision to impose attorney fees as a sanction is subject to an abuse of discretion standard of review on *512 appeal). Having carefully reviewed the record, we are unable to say that the administrative law judge abused her discretion. See Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980) (“[i]f reasonable [people] could differ as to the propriety of the action taken by the [lower tribunal], then the action is not unreasonable and there can be no finding of an abuse of discretion”). Accordingly, we affirm the award of attorney fees and costs to D.H.
CASE NUMBER 1D00-2611 AFFIRMED; CASE NUMBER 1D00-966 REVERSED.
MINER and KAHN, JJ., concur.